IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KAHEEM RICKY ANSLEY,

    Plaintiff,

vs.                                                                No. CV 18-00551 WJ/GBW

STATE OF NEW MEXICO,
WILLIAM J. HULL,
WILLIAM G.W. SHOEBRIDGE, and
ERIK SCRAMLIN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and Fed. R. Civ. P. 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff, Kaheem Ricky Ansley, on June 13, 2018 (Doc. 1). The Court will dismiss Plaintiff Ansley's Complaint based on immunity, failure to state a claim on which relief can be granted, and as barred by the *Heck* doctrine.

### I. Factual and Procedural Background

Plaintiff Kaheem Ricky Ansley filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") on June 13, 2018. (Doc. 1) His Complaint names, as Defendants, State of New Mexico, Public Defender William J. Hull, Judge William G. W. Shoobridge, and District Attorney Erik Scramlin. (Doc. 1 at 1, 3). Ansley is proceeding under 42 U.S.C. § 1983, claiming denial of his rights and violations of the cannons of judicial conduct arising out of his criminal conviction in State of New Mexico, Fifth Judicial District cause no. D-506-CR-201400231. (Doc. 1 at 2). Ansley alleges three counts against the Defendants:

"Count I: Conflict of Interest imposed by the State of New Mexico's Fifth Judicial District Court . . .
Count II: Conflict of Interest Imposed by the State of New Mexico's Fifth Judicial District Attorney's Office and the Lea County Public Defenders' Office . . .
Count III: Denial of Rights; Jurisdiction; Illegal Sentence . . ."

(Doc. 1 at 4-5). Ansley seeks reversal of his conviction, "Full Rights With Prejudice," and $9,500,000.00 in damages. (Doc. 1 at 6).

## II. The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Ansley is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935

F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. Analysis of Plaintiff Ansley's Claims

**A. Plaintiff's Claims Against Judge Shoobridge and District Attorney Scramlin are Barred by Judicial and Prosecutorial Immunity:**

Civil rights and state law claims against judicial officers acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for

money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Ansley names Fifth Judicial District Judge William G.W. Shoobridge as a Defendant. Ansley alleges that Judge Shoobridge violated his rights by denying a motion for reconsideration and sentencing him for probation violations in Fifth Judicial District cause no. D-506-CR-201400231. (Doc. 1 at 3). It is unclear what, if any, constitutional violation Ansley is claiming was committed by Judge Shoobridge. However, treating these allegations as asserting a § 1983 claim against Judge Shoobridge, Ansley seeks to recover against Judge Shoobridge for acts that

4

were unquestionably made in the exercise of judicial discretion. *Van Sickle v. Holloway,* 791 F.2d at 1434–35. Any claims against Judge Shoobridge are barred by absolute judicial immunity.

Similarly, the Complaint identifies District Attorney Erik Scramlin of the Fifth Judicial District Attorney's Office as a Defendant. (Doc. 1 at 3-4). The Complaint does not specify any acts or omissions by Scramlin but, instead, asserts a claimed conflict of interest on the part of the Fifth Judicial District Attorney's Office. (Doc. 1 at 4). The allegations against Scramlin and the Fifth Judicial District Attorney's Office are for advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. at 430. Even if the allegations against the Fifth Judicial District Attorney's Office were factually sufficient to state § 1983 claims, those claims are barred by prosecutorial immunity.

**B. The Claims Against New Mexico State and William J. Hull Fail to State a § 1983 Claim:**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that

5

is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Ansley names the State of New Mexico and Public Defender William J. Hull as Defendants in the Complaint. (Doc. 1 at 1, 2). The Complaint does not make any factual allegations against the State of New Mexico. However, to the extent the Complaint can be construed as asserting any claims against the State of New Mexico, the State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. Any claims against State of New Mexico, including any claims against the Fifth Judicial District Attorney's Office as a state agency, fail to state any claim for relief and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

With respect to Defendant Hull, Ansley alleges that William J. Hull was his court appointed

public defender. After Hull no longer represented Ansley, Hull became Assistant District Attorney, and Chief Public Defender Jorge Alvarado submitted a stipulated order on Ansley's behalf without Ansley's knowledge. (Doc. 1 at 2-4). Although unclear, Ansley appears to claim that, by representing Ansley as a Public Defender and then becoming an Assistant District Attorney after Ansley was sentenced, Hull created a conflict of interest between the Fifth Judicial District Attorney's Office and the Public Defender Office during post-conviction proceedings. (Doc. 1 at 2, 4). To the extent Ansley's claims against Hull arise out of Hull's representation of Ansley as a public defender, Hull cannot be sued under § 1983 because he did not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315 (1981). The Complaint fails to state any claim for relief against Hull.

**C. All of Plaintiff's Claims are Barred by Heck v. Humphry:**

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

All of the claims alleged in Ansley's Complaint are attacks on the criminal proceedings underlying his conviction in D-506-CR-2014-00231. (Doc. 1 at 2-6). Ansley's Prayer for Relief specifically asks the Court for "reversal of conviction." (Doc. 1 at 6). Ansley's request for relief

clearly necessitates the invalidation of his sentence. *Wilkinson v. Dotson,* 544 U.S. at 80-81. Because a favorable ruling on Ansley's claims would require treating his sentence in D-506-CR-2014-00231 as invalid, all of his civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). Regardless of whether they are claims for monetary, declaratory, or injunctive relief, and regardless of whether they are against the Judge, the prosecution, defense counsel, or the State of New Mexico, all claims against all Defendants are barred by *Heck*. *Wilkinson v. Dotson,* 544 U.S. at 80-81. The Complaint will be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and § 1915(e)(2)(B).

### IV. The Court Will Not Grant Leave to Amend

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d at 901.

The Court will dismiss Ansley's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Any amendment to Ansley's claims would still be barred under the *Heck* doctrine and would be subject to immediate dismissal. Therefore, the Court will dismiss without leave to amend. *Bradley v. Val-Mejias,* 379 F.3d at 901.

### V. The Court Will Impose a "Strike" Under the PLRA

When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. at 324. Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Ansley's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g). Ansley is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff, Kaheem Ricky Ansley, on June 13, 2018 (Doc. 1) is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)

and Fed. R. Civ. P. 12(b)(6);

(2) Plaintiff Kaheem Ricky Ansley's Motion (to the Court) to Grant Findings and Conclusions (Doc. 9), Motion to Request Preliminary Injunction (Doc. 20), and Motion Requesting Entry of Judgment (Doc. 21) are **DENIED** as moot in light of the Court's dismissal of this proceeding; and

(3) a **STRIKE** is imposed against Plaintiff Kaheem Ricky Ansley under the PLRA, 28 U.S.C. § 1915(g).

_____
CHIEF UNITED STATES DISTRICT JUDGE